IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LEON TASBY, PRO SE, § | |
| TDCJ-CID # 362523, § | |
| Previous TDCJ-CID #302135, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:05-CV-0032 |
| § | |
| ABE LOPEZ, State District Judge for the § | |
| 108th District Court of Potter County, § | |
| THE COUNTY OF POTTER, at § | |
| Amarillo, Texas, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff LEON TASBY, acting pro se and while incarcerated as a prisoner in the Texas Department of Corrections, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been allowed to proceed in forma pauperis.

Plaintiff claims defendant LOPEZ violated his Due Process rights in a case filed by plaintiff in his court. Plaintiff states he is also suing THE COUNTY OF POTTER for defendant LOPEZ' actions.

Plaintiff requests compensatory damages in a total amount of $11,500,000.00; punitive damages in a total amount of $4,000,000.00; nominal damages totaling $2.00, and that the Court "enter a Judgment that will reverse all of the previous state courts [sic] judgments in this action and remand this action back to the State District Court to schedule this action for an award of damages Trial only."

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

**THE LAW AND ANALYSIS**

Plaintiff's claims are based upon the judicial rulings issued by defendant LOPEZ in the course of a suit plaintiff filed against several prison employees alleging negligence and violations of the state constitution and seeking claims under the Texas Tort Claims Act.  Plaintiff alleges the defendant's rulings denied him procedural due process, subjecting him to "personal humiliation, personal emotional distress, personal mental anguish, personal physical injuries and

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

long term and time of pain physically, without a proper opportunity to redress this matter at State District Court level for at least three and a half years[3]."

Thus, it appears the acts or omissions complained of occurred more than three years ago. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). The instant suit, filed more than three years after the events giving rise to plaintiff's claims appears to have been filed well after expiration of limitations. Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Moreover, there exist additional, independent bases for the dismissal of plaintiff's claims as frivolous.

Plaintiff's claims against defendant LOPEZ are based on his rulings issued during the course of plaintiff's lawsuit. Judges enjoy absolute immunity for judicial acts performed in judicial proceedings. *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217-18, 18 L.Ed.2d 288 (1967). Plaintiff's only complaint against defendant LOPEZ is his handling of plaintiff's lawsuit and clearly falls within the scope of acts protected by absolute immunity. Consequently, plaintiff's claims against defendant LOPEZ lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, the only apparent basis for plaintiff's claim against defendant THE COUNTY OF POTTER is *respondeat superior*; however, theories of vicarious liability, such as *respondeat superior*, cannot support a cause of action under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303

---

[3] See paragraph 17 of the hand-printed attachment to plaintiff's original complaint.

3

(5th Cir. 1987).  Consequently, plaintiff's claims against THE COUNTY OF POTTER lack an arguable basis in law and are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

This Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail.  The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  24th  day of June, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE